UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:  Case No. 09-12587
 Chapter 13
TERESA A. BRANNON,

    Debtor.

## MEMORANDUM OPINION

    Before the court is Peggy Fails' objection to confirmation of the debtor's chapter 13 plan. At issue is whether the plan may modify Fails' claim secured by a second mortgage on the debtor's home while leaving claims of junior mortgagees unaltered. For the following reasons the court concludes that the objection to confirmation is not well taken and that the amended plan should be confirmed.

### Jurisdiction

    The court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because plan confirmation is at issue here, this court's jurisdiction is extended to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(L).

### Undisputed Facts

    The debtor filed this chapter 13 petition for relief on December 22, 2009.

    Fails holds a second mortgage on the debtor's home.[1] The note which that mortgage secures was executed in 2003. The note, which carried an interest rate of 9%, provided for monthly payments of $200.04 with the last payment being due in October 2008. By the time of bankruptcy, the note had fully matured but still had a balance due of $11,926.30.

---

[1] GMAC Mortgage holds the first mortgage on the debtor's home. As to GMAC Mortgage, the plan provides that its pre-petition arrearage claim will be paid through the chapter 13 trustee, but that all post petition installment payments will be made directly by the debtor.

The debtor's chapter 13 plan provides for payment of Fails' claim in full through the chapter 13 trustee. From payments made to the trustee, Fails is to be paid $273.00 per month. Interest on the unpaid balance of her claim will accrue interest at the rate of 4.25%.

First Southeast Acceptance holds two mortgages on the debtor's home both of which are junior in priority to that of Fails. The debtor's plan provides that the notes secured by the First Southeast Acceptance mortgages will be paid directly by the debtor in accordance to the parties' contracts leaving the payments and interest rates unaltered.

Conclusions of Law

At issue here is whether Fails' claim, which is solely secured by an interest in the debtor's residence, may be modified under the debtor's plan. As a rule, claims secured by an interest in a debtor's home may not be modified. The statute preventing home mortgage modification provides:

> (b) ........, the plan may—
>
> (2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence,* .........

11 U.S.C. § 1322(b)(2)(emphasis added).

There is, however, an exception to the general rule which permits modification of so-called "short-term" home mortgages. The Code provides:

> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C. § 1322(c)(2). Further, see *In re Paschen*, 296 F.3d 1203, 1209 (11th Cir.2002)(holding that § 1322 (c)(2) permits the modification of claims secured by short-term home mortgages).

Here, it is undisputed that Fails' note fully matured more than two years prior to the debtor's filing this bankruptcy petition. Hence, the last payment under the note was due prior to the last payment under the debtor's plan. Therefore, Fails' mortgage is one that may be modified under § 1322(c)(2). That junior mortgages' claims are long-term and nonmodifiable does not prevent the modification of Fails' senior, but short-term, mortgage. Indeed, the statute, 11 U.S.C. § 1322(b)(2), requires that treatment of the junior mortgagee's claims.

Conclusion

For these reasons the court finds that Fails' objection to confirmation of the debtor's chapter 13 plan must be overruled. Pursuant to F.R.B.P. 9021, separate orders will enter overruling the objection and confirming the plan.

Done this the 21st day of April, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Michael D. Brock, Debtor's Attorney
   John E. Byrd, Creditor's Attorney
   Curtis C. Reding, Trustee